902 F.2d 1564
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary COLLINS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-3218.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 13, 1989.
Decided April 27, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-88-1285-A)
 Jesse Lincoln Woodard, Washington, D.C., for appellant.
 Henry E. Hudson, United States Attorney, Alexandria, Va., Shirley D. Peterson, Assistant Attorney General; Gary R. Allen, Kenneth L. Greene, Regina S. Moriarty, United States Department of Justice, Washington, D.C., for appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mary Collins filed suit in 1988 seeking a refund of taxes paid in 1985. The district court dismissed her complaint for failure to state a claim on which relief can be based because her tax refund claim did not sufficiently state the grounds for refund as required by Treasury Regulation Sec. 301.6402-2(b). Fed.R.Civ.P. 12(b)(1), (b)(6). She appeals and we affirm.
 
 
 2
 On November 7, 1986, Mary Collins filed an amended tax return, Form 1040X, for 1985 indicating a refund amount due of $1,939. The only explanation given for her claim was the statement, "Claim-of-Right Income Refund in accordance with IRC 6411 and 6511." Section 6411 permits filing a claim for refund based on a carryback adjustment. 26 U.S.C. Sec. 6411. Section 6511 states the time period within which a claim for refund may be filed. 26 U.S.C. Sec. 6511. When the government did not respond to her claim, Collins filed this suit. The United States waives sovereign immunity and consents to suits for tax refunds when the taxpayer follows the requirements of section 7422(a) of the Internal Revenue Code of 1986:
 
 
 3
 No suit ... shall be maintained ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.
 
 
 4
 Treasury regulations require that a claim for refund set forth the grounds for the claim in detail and the facts supporting the claim:
 
 
 5
 Sec. 301.6402-2. Claims for credit or refund.
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 (b) Grounds set forth in claim. (1) No refund or credit will be allowed ... except upon one or more of the grounds set forth in a claim [properly] filed.... The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.
 
 
 9
 Collins has not satisfied the statutory requirement of notice to the Internal Revenue Service of the legal grounds and material facts of her claim for refund. Cf. Old Dominion Box Co., Inc. v. United States, 477 F.2d 340, 346-47 (4th Cir.1973). On the Form 1040X, Collins referred to section 6411 which provides for filing a carryback adjustment for a section 172(b) net operating loss, a section 39 business credit carryback, or a section 1212(a)(1) capital loss carryback. Collins, however, never filed an application for carryback adjustment, nor did she give any explanation or provide any facts to support a carryback adjustment of any kind. Moreover, (contrary to Collins' contentions) the Commissioner did not waive these requirements. Taxpayers asserting a waiver bear a heavy burden of proof:
 
 
 10
 The showing should be unmistakable that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim.... The evidence should be clear that the Commissioner understood the specific claim that was made even though there was a departure from form in its submission.
 
 
 11
 Angelus Milling Co. v. Commissioner, 325 U.S. 293, 297-98 (1945); cf. Group Life & Health Ins. Co. v. United States, 660 F.2d 1042, 1058-59 (5th Cir. Unit A 1981), cert. denied, 457 U.S. 1132 (1982). The government's lack of response to Collins' claim for refund does not constitute a waiver of any objection to the inadequacy of the claim. Collins asserted no facts to support a claim of waiver of the regulation's requirements.
 
 
 12
 We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.
 
 
 13
 AFFIRMED.